IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SCOTT GREGORY LOGAN                                                                                          PLAINTIFF

v.                        Civil No. 3:22-cv-03029-TLB-MEF

OFFICER NATHAN KNIGHT;
OFFICER BENZEL, Carroll County
Sheriff's Department;
ROBERT ANDERSON, Owner of R&R Towing;
And JOHN DOE OFFICERS                                                                                   DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff, Scott G. Logan ("Logan"). Logan is incarcerated in the Carroll County Detention Center and proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening of the Complaint (ECF No. 1) under 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I. BACKGROUND

According to the allegations of the Complaint (ECF No. 1), sometime between May and early June of 2021, Logan and his girlfriend, Ms. D. Brady ("Brady"), were in a vehicle located across the road from the Wal-Mart in Berryville, Arkansas. *Id.* at 4. Officer Knight and several other officers "swarmed" the vehicle and told Logan and Brady to get out of the vehicle and lie on

1

the ground face down. *Id.* at 4-5. The officers then took Logan and Brady to the police station. *Id.* at 5.

They were then advised that the vehicle they were in had been reported as stolen. (ECF No. 1 at 5. However, Brady had leased the vehicle and was behind on her payments. *Id.* The vehicle was leased from Robert Anderson who owns R&R Towing. *Id.* at 6. They were released after a couple of hours with no way of getting home. *Id.*

As relief, Logan seeks compensatory damages for the mental anguish and public humiliation he endured as well as having been forced to walk eight miles home. (ECF No. 1 at 10). Logan also seeks damages for the money lost due to the vehicle being impounded with his tools, clothing, and other personal belongings inside. *Id.* Finally, Logan requests that Officer Knight be fired. *Id.*

## II.   LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

#### A. Claims against Robert Anderson

"Section 1983 secures most constitutional rights from infringement by governments, not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A private individual or entity who reports a crime, provides information to the police, responds to questions by the police, and is a potential witness for the prosecution does not act

3

under color of law. *See Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009). The mere invocation of state legal procedures does not constitute state action. *Wickersham v. City of Columbia*, 481 F.3d 591, 598 (8th Cir. 2007) ("[T]he mere invocation of state legal procedures, including police assistance, does not convert a private party into a state actor"); *Steele v. City of Bemidji*, 257 F.3d 902, 906 (8th Cir. 2001) ("We reject Steele's argument that the mall is a state actor insofar as it reported Steele's activities to the police"); s*ee also Benavidez v. Gunnell*, 772 F.2d 615, 618 (10th Cir. 1983) ("We know of no case in which the report of a state crime is action under color of state law under § 1983. The mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under §§ 1983 or 1985"); *Carter v. Davis*, No. 7:19-cv-5011, 2020 WL 1848254, at *6 (D. Neb. Apr. 13, 2020) ("All Plaintiff alleges is Stamm filed a false police report and continued to harass him in furtherance of a conspiracy with other Defendants. These allegations at best describe a private cause of action for defamation but do not provide a clear set of facts establishing that constitutionally protected federal right was present and therefore violated"). The claims against Defendant Robert Anderson are subject to dismissal.

### B. Defamation Claim

The Supreme Court has held that defamation, by itself, is insufficient to support a claim under § 1983. *Paul v. Davis*, 424 U.S. 693, 701 (1976). In *Paul*, the Supreme Court found that a person's interest in his reputation is not considered liberty or property protected by the due process clause. *Paul*, 424 U.S. at 701; *see also Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) ("damage to reputation is not alone sufficient to invoke procedural due process"); *Kloch v. Kohl*, 545 F.3d 603, 609 (8th Cir. 2008) ("As a constitutional matter, however, [the plaintiff] is not

entitled to due process protection for damage to his reputation alone"). Logan's defamation claims are subject to dismissal.

### C. Professional Negligence

Logan maintains the Defendant officers were professionally negligent in failing to investigate the facts surrounding the alleged stealing of the vehicle. Acting negligently does not violate the constitution. *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) ("liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (the Constitution is not implicated by negligent conduct). The professional negligence claims are subject to dismissal.

### D. Excessive Force

Logan contends the Defendants used excessive force against him when he was required to lay down face down on the ground.[1] "The right to be free from excessive force is a clearly established right under the Fourth Amendment's prohibition against unreasonable seizures of the person." *Cook v. City of Bella Villa*, 582 F.3d 840, 849 (8th Cir. 2009) (cleaned up). Where an excessive force claim arises in the context of an arrest, it is most properly characterized as one invoking the protections of the Fourth Amendment. *See Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8th Cir. 2009). In evaluating an excessive force claim under the Fourth Amendment, a court must consider whether the force was objectively reasonable under the circumstances, "rely[ing] on the perspective of a reasonable officer present at the scene rather than the '20/20 vision of hindsight.'" *Carpenter v. Gage*, 686 F.3d 644, 649 (8th Cir. 2012) (quoting *Graham v. Connor*, 490 U.S. 386 (1989)). The application of this standard requires careful attention to the

---

[1] While Logan has named some John Doe Officers as Defendants, he does not allege that one or more of those officers used excessive force against him.

5

facts and circumstances of each case, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. The extent of the injuries sustained by the suspect during the arrest may be evaluated to determine the reasonableness of the force used. *Peterson v. Kopp*, 754 F.3d 594, 601 (8th Cir. 2014).

Here, Logan does not contend he suffered any injuries. The Eighth Circuit requires something more than a *de minimus* level of injury. *Copeland v. Locke*, 613 F.3d 875, 881 (8th Cir. 2010) (cleaned up). Simple cuts and bruises are insufficient to support a finding of excessive force. *Id.* Logan has not alleged the existence of any injury and this is fatal to his claim.

### E. Unlawful Arrest

Logan maintains the arrest was wrongful because Anderson falsely reported the car was stolen. An arrest is lawful if supported by probable cause. "Probable cause exists if the totality of the facts based on reasonably trustworthy information would justify a prudent person in believing the individual arrested had committed ... an offense." *Copeland*, 613 F.3d at 879 (cleaned up).

Here, although the charges were ultimately dropped, the car Logan was in had been reported as stolen. Given this report, the Defendants had probable cause to arrest Logan for theft of property under Ark. Code Ann. § 5-36-103(a)(1). This provision provides that a "person commits theft of property if he or she knowingly ... [t]akes or exercises unauthorized control over ... the property of another person with the purpose of depriving the owner of the property." No unlawful arrest claim exists.

### F. Failure to Protect

A failure to protect claim only arises when an officer "observed or had reason to know that excessive force would be or was being used." *Farrington v. Smith*, 707 F.3d 963, 972 (8th Cir. 2013) (cleaned up). The conclusion that no excessive force was used is dispositive of Logan's failure to protect claim.

### G. Official Capacity Liability

An official capacity claim is considered a claim against the employing governmental entity. *Crawford v. Van Buren Cnty.*, 678 F.3d 666, 669 (8th Cir. 2012). "Under *Monell*, the City of Berryville and/or Carroll County,[2] may be held liable for [Defendants'] actions if one of its customs or policies caused the violation of Logans' rights." *Copeland*, 613 F.3d at 882 (citing *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690 (1978). Logan has not alleged that any custom or policy of the City of Berryville and/or Carroll County caused his constitutional rights. No official capacity claim exists.

### IV. CONCLUSION

For these reasons, it is recommended that:

(1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

(2) Plaintiff/Petitioner is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g), and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration. And,

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation**

---

[2] In the Complaint, Logan alleges only that Officer Knight is a police officer. He does not indicate if he is employed by the City of Berryville or Carroll County. Officer Benzel, however, is alleged to be employed by Carroll County.

7

in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**DATED** this 15th day of June 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE